IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAIN LYON, | ) |
| | ) |
|       Plaintiff, | ) |
| | )    3:10-cv-00622 |
| v. | ) |
| | ) |
| AFNI, INC., | ) |
| | ) |
|       Defendant. | ) |

# COMPLAINT

NOW COMES the Plaintiff, DAIN LYON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, AFNI, INC., Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. DAIN LYON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Amery, County of Polk, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Qwest.

1

6. The debt that Plaintiff allegedly owed Qwest was for a residential telephone and/or internet bill service.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. AFNI, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about August 4, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Qwest.

15. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16. Plaintiff has never obtained services from Qwest and as such has never incurred a debt with Qwest.

17. On or about August 4, 2010, as a result of receiving the aforementioned correspondence, Plaintiff initiated a telephone call to Defendant.

18. During the course of the aforementioned telephone call, Plaintiff informed Defendant that he had never incurred a debt with Qwest.

19. Plaintiff further informed Defendant that it was attempting to collect a debt from the wrong individual.

20. Defendant then provided Plaintiff with additional information relative to the debt on which it was attempting to collect.

21. Defendant informed Plaintiff that the debt had originated in 1999.

22. Defendant further told Plaintiff that the debt had originated in the State of Utah.

23. In response, Plaintiff apprised Defendant that he had never lived in the State of Utah.

24. Defendant then provided Plaintiff with the social security number that Defendant had on file relative to the debt on which it was attempting to collect.

25. The social security number provided by Defendant did not belong to Plaintiff.

26. Plaintiff told Defendant that the social security number it had on file relative to the debt did not match his social security number.

27. In response, Defendant told Plaintiff that he was still required to pay the debt.

28. Plaintiff informed Defendant that he would not pay the debt given that he did not incur the aforesaid debt.

29. Defendant told Plaintiff that if he did not pay the debt then Defendant would report the debt to the credit reporting agencies such that it would be reported on Plaintiff's credit report.

30. At the time Defendant made the threat to place the alleged debt on Plaintiff's credit report, the debt Plaintiff allegedly owed could no longer be reported as it was beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

31. At the time Defendant made the threat to place the debt on Plaintiff's credit report, the debt could not be reported given that Plaintiff did not owe the debt on which Defendant was attempting to collect.

32. Defendant's threat to report the debt allegedly owed by Plaintiff to the credit reporting agencies was false, deceptive and/or misleading given that Defendant could not legally report the debt to the credit reporting agencies.

33. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. In its attempts to collect the debt allegedly owed by Plaintiff to Qwest, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAIN LYON, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **DAIN LYON**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: October 20, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us